TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
ARVIN C. LUGAY (SBN 242599)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com
alugay@snllp.com

Attorneys for defendant
Asset Acceptance, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE RINEHART,<br><br>        Plaintiff,<br><br>    vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>        Defendants. | CASE NO.: 10CV-1993 JM POR<br><br>**ANSWER OF DEFENDANT TO COMPLAINT** |

Defendant ASSET ACCEPTANCE, LLC ("Defendant") hereby submits the following Answer to the Complaint ("Complaint") filed in this action by plaintiff DUANE RINEHART ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff alleges that this is an action brought by an individual pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. (the "Rosenthal Act"), the contents of both of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges that the jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a natural person, and admits on information and belief that Plaintiff is a resident of San Diego County, California.

4. Admitted.

5. In answering Paragraph 5 of the Complaint, Defendant admits that it conducts interstate business with residents of the State of California. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff alleges that this action arises out of Defendant's activities in the State of California. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendant admits that in November 2006, it received correspondence from Plaintiff dated November 3, 2006. In that November 3, 2006 correspondence, Plaintiff referred to earlier correspondence that he allegedly sent Asset, which allegedly requested that Asset

1  cease some form of communication. Asset has no record of receiving the earlier
2  correspondence. Except as herein admitted, the remaining allegations of
3  Paragraph 7 are denied.
4      8.    In answering Paragraph 8 of the Complaint, Defendant admits that it
5  received correspondence from Plaintiff in November 2006. Except as herein
6  admitted, the remaining allegations of Paragraph 8 are denied.
7      9.    In answering Paragraph 9 of the Complaint, Defendant admits that it
8  sent Plaintiff a letter in November, 2006; December, 2006; January, 2007; March,
9  2007; May, 2007; June, 2007; July, 2007; August, 2007; September, 2007;
10 January, 2008; February, 2008; March 2008 and April, 2010, the contents of
11 which letters are self-explanatory. Except as herein admitted, the remaining
12 allegations of Paragraph 9 are denied.
13     10.    In answering Paragraph 10 of the Complaint, Defendant admits that it
14 contacted Plaintiff via telephone on March 29, 2010. Except as herein admitted,
15 the remaining allegations of Paragraph 10 are denied.
16     11.    In answering Paragraph 11 of the Complaint, Defendant admits that
17 Plaintiff filed a complaint with the California Department of Justice on or about
18 March 29, 2010, the contents of which are self-explanatory. Except as herein
19 admitted, the remaining allegations of Paragraph 11 are denied.
20     12.    In answering Paragraph 12 of the Complaint, Defendant admits that
21 on or about July 23, 2010, it sent a letter to the California Department of Justice in
22 response to Plaintiff's complaint, the contents of which are self-explanatory.
23 Except as herein admitted, the remaining allegations of Paragraph 12 are denied.
24     13.    Denied.
25     14.    Defendant incorporate by reference paragraphs 1 through 13 above as
26 if fully stated herein.
27     15.    In answering Paragraph 15 of the Complaint, Defendant lacks
28 sufficient knowledge to form a belief as to whether Plaintiff's financial obligation

at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "'consumer' within the meaning of the FDCPA." Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendant admits that it has, at times, acted as a "'debt collector' within the meaning of the FDCPA." Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it acted as a "debt collector" in this case. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 17 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "'debt' within the meaning of the FDCPA." Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant incorporate by reference paragraphs 1 through 20 above as if fully stated herein.

22. In answering Paragraph 22 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "'debtor' within the meaning of the Rosenthal Act." Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23. In answering Paragraph 23 of the Complaint, Defendant admits that it has, at times, acted as a "'debt collector' within the meaning of the Rosenthal Act." Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it acted as a "debt collector" in this case. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24. In answering Paragraph 24 of the Complaint, Defendant admits that it "alleged a 'debt' to be owed by Plaintiff" within the meaning of section 1788.2(d) of the Rosenthal Act. Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "consumer debt" within the meaning of section 1788.2(f) of the Rosenthal Act. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. Denied.

26. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

//

//

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

RINEHART V. ASSET ACCEPTANCE, LLC (CASE NO. 10CV-1993 JM POR)
ANSWER OF DEFENDANT TO COMPLAINT                                                                5

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the conduct at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendant has at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
## (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

//

//

//

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes to it on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution.  Plaintiff's proposed interpretation of provisions of the FCRA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff its costs according to proof.
3. That Defendant recover its attorneys' fees according to proof.

---
RINEHART V. ASSET ACCEPTANCE, LLC (CASE NO. 10CV-1993 JM POR)
ANSWER OF DEFENDANT TO COMPLAINT

4.   That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: October 27, 2010        SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
ARVIN C. LUGAY

By:  s/Jeffrey A. Topor
     Jeffrey A. Topor
     Attorneys for defendant
     Asset Acceptance, LLC

# PROOF OF SERVICE

I, Jeffrey A. Topor, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816. I am counsel of record for the defendant in this action.

On October 27, 2010, I caused the **ANSWER OF DEFENDANT TO COMPLAINT** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Paul E. Smith
psmith@paulsmithlaw.com
Counsel for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 27th day of October, 2010.

By: s/Jeffrey A. Topor
Jeffrey A. Topor
Attorneys for defendant
Asset Acceptance, LLC